United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**CLEON LEMAR WATERS,**<br>Defendant. | CASE NO. 4:18-cr-00142-YGR-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 72 |

Defendant Cleon Lemar Waters is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Corrections Institute in FCI Victorville Medium II, Victorville, California ("FCI Victorville"). Mr. Waters moves for an order modifying his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A)(i) and requests that the Court reduce his sentence to time served with the balance of the period of his original sentence imposed as a period of supervised release with home confinement and such other conditions as the Court deems just. The Government opposes the motion.

The Court has jurisdiction to grant the relief requested[1] and, having carefully considered the papers and evidence submitted in support of and in opposition to the motion and the reports provided by U.S. Probation, the Court **DENIES** the motion.

---

[1] Defendant contends that he submitted requests for compassionate release both to his case manager and the Warden, Mr. Salazar, at FCI Sheridan, where he was previously housed, in August of 2020. The Government contends that the Court does not have jurisdiction and there is no record of the requests submitted at FCI Sheridan. However, defendant has submitted evidence that a supplemental request was submitted January 9, 2021, and Warden DeWayne Hendrix determined that the request was "denied at this level and. . . shall not be referred for consideration to the Office of General Counsel" on January 15, 2021. (Dkt. No. 82-1.) Thus the Court finds that defendant has exhausted his administrative rights and the Court has jurisdiction.

**DISCUSSION**

On October 25, 2018, Mr. Waters pled guilty to a seven-count Indictment charging with the following violations: 21 U.S.C. §§ 841(a)(1), (b)(1)(C) – Distribution of Cocaine Base (Counts One through Five); and 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) – Distribution of 28 Grams or More of Cocaine Base (Counts Six and Seven). On July 18, 2019, the Court sentenced Mr. Waters to a term of imprisonment of 68 months in the custody of the BOP and 5 years of supervised release. (Dkt. Nos. 62, 63.) Mr. Waters was allowed to self-surrender and went into custody on May 31, 2019. He has served approximately 30% of his sentence.

Section 3582 provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). After considering the sentencing factors from 18 U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i).

With respect to whether an "extraordinary or compelling reason" justifies release, Mr. Waters argues that he is particularly vulnerable to contracting COVID-19 and becoming seriously ill from the ongoing coronavirus pandemic. His briefing points out that he is obese and has hypertension. However, Mr. Waters is only 50 years old and does not have pulmonary hypertension but essential hypertension. His obesity is moderate. The medical records do not support a finding of an "extraordinary or compelling reason" for Mr. Waters' release. "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. §1B1.13." *United States v. Eberhart*, 448 F.Supp.3d 1086, 1090 (N.D. Cal. Mar. 25, 2020) (Hamilton, J.).

Nonetheless, the Court did review its file in this matter thoroughly, including the Probation Office's presentencing report submitted at the time of sentencing and the BOP records submitted as part of this motion. The Court takes into account whether the defendant is a danger to the

safety of any other person or to the community, as provided in 18 U.S.C. section 3142(g).  Finally, the Court considered the factors under 18 U.S.C. section 3553(a), which also do not support Mr. Waters' request for compassionate release.  The law and the specific facts of this case weigh against any granting of this motion.

While the Court acknowledges the arguments which take issue with the sentencing guidelines as they relate to crack cocaine versus powder cocaine, those issues are tangential to the goals of the compassionate release provisions and do not overcome the other considerations weighing against release.  The Court notes that, with respect to Mr. Waters, the U.S. Sentencing Guideline Provisions suggested a custodial sentence of 100 to 125 months.  In sentencing Mr. Waters, the Court considered many of these arguments which are re-made here and imposed a sentence well below that requested by the Government and only eight months more than the 60 recommended by the defendant himself.

For the foregoing reasons, defendant's motion for a compassionate release sentence reduction with a period of home confinement is **DENIED**.

This Order terminates Docket No. 72.

**IT IS SO ORDERED.**

Dated: February 5, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**